CONNECTICUT MUTUAL LIFE INS. CO. *v.* CRAWFORD and others.

(*Circuit Court, N. D. Illinois.* August 8, 1884.)

1. MORTGAGE—MORTGAGEE NON-RESIDENT—UNITED STATES CIRCUIT COURT—DECREE.
> A mortgagee, resident in a state other than that of the mortgagor, may file his bill for foreclosure in the United States circuit court, and obtain a decree, upon case shown.

2. SAME—REDEMPTION BY JUDGMENT CREDITOR—RULES OF COURT.
> A judgment creditor may redeem premises from a sale under judgment or decree of a United States court by suing out execution upon his judgment in the ordinary manner, placing his execution in the hands of the proper officer to execute, and paying the money needed to redeem in the hands of the clerk of the United States court, together with the commissions of the clerk for receiving and paying the money.

**3. SAME—PAYMENT OF MONEY TO SHERIFF.**
   Under the system of the United States court, payment of money into the hands of the sheriff is no redemption of premises sold under decree of foreclosure passed by that court, when the United States court has, by its rules, provided that the redemption money shall be paid to its clerk.

In Equity.

*Isham, Lincoln, Burry & Ryerson,* for complainant.

*C. M. Osborn,* for defendant.

BLODGETT, J. The bill in this case seeks to set aside a sheriff's deed as a cloud upon complainant's title, and the defendant demurs to the bill. The main facts alleged in the bill are briefly these: Complainant held a mortgage against W. H. W. Cushman, and filed a bill to foreclose it in this court, and obtained a decree. A large number of lots were included in the mortgage, which were sold separately, separate bids being made on each lot. The sale was reported to the court by the master, and confirmed, and none of the defendants redeemed from the sale during the 12 months succeeding the sale, but after that time, and before the expiration of 15 months, Crawford, who had obtained a judgment against the original mortgagor in the state court, sued out an execution upon his judgment, placed it in the hands of the sheriff of Cook county, and directed a levy to be made upon a portion of the lots sold under this decree. He then proceeded to pay to the sheriff the money requisite to redeem the lots now in question (being only a portion of those sold under the decree) from the sale, and had the usual advertisement and sale made that the statutes provide for the purpose of consummating the redemption, and at the proper time received a sheriff's deed. The money for the purpose of redemption was never paid to the clerk of this court, nor tendered to the complainant.

There being no notice brought home to the court, in any form, that these premises had been redeemed in pursuance of the rules and practice of this court, the complainant became entitled to a deed from the master, in the due course of time, for all the lots sold under its decree, and now claims under its decree of foreclosure and the sale. The defendants claim title under the alleged redemption by Crawford.

In July, 1878, long prior to the proceedings in question, this court adopted certain rules for regulating the redemption from sales in this court, in cases where redemption is allowed by the statute of the state of Illinois. These rules were adopted in accordance with the suggestion made by the supreme court of the United States in *Brine* v. *Ins. Co.* 96 U. S. 627, and they have since been confirmed in the case of the *Connecticut Mutual Life Ins. Co.* v. *Cushman,* 108 U. S. 56; S. C. 2 Sup. Ct. Rep. 236; and the court there holds, in substance, that it is not only within the power, but it is the duty, of the federal court, when rights are given by a state statute, to adjust the practice of the court by its rules, so as to secure and protect the

property rights given by the statute. In the same case it is also held that the rules adopted by this court were within the scope and power of the court, and such as it was not only the right but the duty of the court to adopt. This court, by the rules of 1878, provided that redemption should be made by a judgment creditor from a sale under a judgment or decree of this court, by the creditor suing out his execution in the ordinary manner on his judgment, placing his execution in the hands of the proper officer to execute, and paying the money needed to redeem into the hands of the clerk of this court, together with the commissions of the clerk for receiving and paying out the money. The redeeming creditor in this case ignored these rules, and undertook to make a redemption by paying his money to an officer not known to this court, and not within its control, and with whom the court had no relations whatever, and with whom, it seems to me, it is not in the power of the redeeming or judgment creditor to bring the complainant or this court into relations. The complainant, being a non-resident corporation, had the right to seek this forum as the one through which it would enforce its lien on these lots, and was not obliged to look to any state court or its officers for the purpose of obtaining the money, after this court had made rules of procedure.

I am therefore of opinion that, upon the showing made by this bill, the redemption was totally void, and that the demurrer to the bill should be overruled.